**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| KETTERING ADVENTIST HEALTHCARE, | : | |
| | : | |
| | : | Case No. 3:25-cv-373 |
| Plaintiff, | : | |
| | : | Judge Thomas M. Rose |
| v. | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| KETTERING HEALTH SERVICES LLC, | : | |
| | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S**
**MOTION FOR ATTORNEYS' FEES (DOC. NO. 16)**

---

Currently before the Court is Plaintiff's Motion for Attorneys' Fees (the "Motion") (Doc. No. 16). On January 22, 2026, Plaintiff Kettering Adventist Healthcare ("Plaintiff") secured default judgment against Defendant Kettering Health Services LLC ("Defendant"), where the Court found Defendant liable to Plaintiff for violations of trademark law. (*See* Doc. No. 14.) Now, Plaintiff moves for an award of its attorneys' fees incurred in litigating this action, pursuant to 15 U.S.C. 1117. (Doc. No. 16 at PageID 67-68.) Defendant has not come forward with a response.

Where a party has prevailed in a trademark action, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Regarding Plaintiff's Motion, the court has reviewed the authorities and finds no flaw with Plaintiff's argument that this case may warrant an award of attorneys' fees. Nevertheless, the Court finds that it cannot determine the amount of Plaintiff's requested award to be reasonable on the information provided. Plaintiff's counsel testifies that this matter was assigned to one partner and one associate at the law firm Vorys, Sater, Seymour, and Pease LLP. Counsel goes on to state that partners on this

1

matter billed at a rate of $375 per hour, while associates were billed at $250 per hour.  Finally, Plaintiff's counsel states that he "took steps to ensure that billing practices [were] reasonable and fair …." (Doc. No. 16-1 at PageID 74.)  As a matter of principle, the Court does not disbelieve counsel's testimony and is perfectly willing to accept the hourly rates proposed as reasonable.

But, the Court is uncomfortable determining the total amount of Plaintiff's proposed attorneys' fees of $10,700.50 to be reasonable without more specificity.  It would be customary in these circumstances for Plaintiff's counsel to file a time sheet.  *See e.g.*, *Career Agents Network, Inc. v. Careeragentsnetwork.biz*, 722 F. Supp. 2d 814, 824 (E.D. Mich. 2010) (utilizing counsel's time sheets to examine reasonableness of hours worked, hours billed, and corresponding rates charged).  At present though, the Court cannot discern what work in this matter was completed by a firm partner, a firm associate, or a firm administrative professional.  Moreover, the Court cannot assess the hourly rates charged for the work of Plaintiff's counsel without knowing who performed what work and when.  Again, the Court suspects that this case calls for an award of attorneys' fees, but more information is needed.  Therefore, Plaintiff's Motion for Attorneys' Fees (Doc. No. 16) is hereby **DENIED WITHOUT PREJUDICE** to refiling.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 11, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE